UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**IAN DAVID LEWIS ROBBINS**  PLAINTIFF

v.  CIVIL ACTION NO. 4:25-CV-P99-JHM

**DONALD CAIN**  DEFENDANT

## MEMORANDUM OPINION

Plaintiff Ian David Lewis Robbins filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is an inmate at the Larue County Detention Center. He sues Donald Cain, a police officer employed by the Leitchfield Police Department, in his individual and official capacity. Plaintiff states as follows:

> On 5/16/21 Officer Donald Cain unlawfully stopped me driving in Leitchfield, KY claiming I ran a stop sign. There is no stop sign where the alleged traffic violation took place. When I said there's no stop sign, he quickly changed his story to stop light. I was later unlawfully arrested due to the unlawful stop. I was arrested for a traffic violation, which didn't call for a search of my belongings given there was no suspicion to do so or a warrant to search it or within my reach. Things Officer Cain had to say about the reason for the stop have been contradicting in video evidence, his police report and his own testimony. I wouldn't have ran a stop light especially after noticing this cops cruiser down the road with someone else stopped. I'd only entered a parking lot before the said red light.
>
> Officer Cain has violated my 4th amendment in multiple ways. Not only was I stopped for no reason, I was arrested because of the illegal stop. Furthermore, Officer Cain illegally searched my belongings without a warrant or without reasonable, articulable suspicion. He claimed search incident was reason for search, under oath in court, which wasn't valid considering I was already handcuffed and in the back of police cruiser. Officer Cain has completely overstepped his duty just to disturb myself being secure in my own person. Officer Cain has violated my protection against illegal search & seizure because he had no reason, no suspicion and no warrant in order to search any thing outside of my

immediate control, especially when I was already placed in the back of the police cruiser. Officer Cain's testimony is the only thing as evidence against me that I "ran a red light." I never ran a red light, he is lying 100%.

As relief, Plaintiff seeks compensatory and punitive damages.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### III.  ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. Plaintiff brings claims for violations of the Fourth Amendment based on alleged false arrest and illegal search and seizure.

Section 1983 does not contain its own statute-of-limitations period, but constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations.  *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued."  Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).  Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint.  *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

The applicable statute of limitations is determined by state law, but the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law."  *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)).  "[A] claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends."  *Fox*, 489 F.3d at 233 (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)); *see also Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021) (holding that false-arrest and false-imprisonment claims "accrue when the *false* imprisonment ends with the issuance of legal process—when, for example, the plaintiff is brought before a magistrate") (emphasis in original) (citing *Wallace*, 549

3

U.S. at 389-90). Therefore, the statute of limitations on Plaintiff's false arrest claim began to run on the date of his arrest, on May 16, 2021, or at the latest on the date when Plaintiff was arraigned, which presumably was just a matter of days later. The statute of limitations expired one year later. Because the complaint was not filed until August 18, 2025,[1] more than three years after the expiration of the limitations period, it is obvious on the face of the complaint that Plaintiff's false arrest claim is untimely and must be dismissed as frivolous.

Similarly, the "'statute of limitations for filing an action alleging an unconstitutional search and seizure begins to run at the time of the injury—when the plaintiff knows or has reason to know about the occurrence of the unconstitutional search.'" *Codrington v. Dolak*, 142 F.4th 884, 890 (6th Cir. 2025) (quoting *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 394 (6th Cir. 1999), *abrogated on other grounds by Wallace*, 549 U.S. at 384)). Therefore, Plaintiff's claims based on the allegedly unlawful search and seizure accrued on the date of the search and seizure. *See Harper v. Jackson*, 293 F. App'x 389, 391 n.1 (6th Cir. 2008) (the statute of limitations on a claim based upon allegations of unlawful search and seizure begins to run on the date of the search); *Michel v. City of Akron*, 278 F. App'x 477, 480 (6th Cir. 2008) (same). Thus, Plaintiff's claims for illegal search and seizure are also barred by the statute of limitations and must be dismissed as frivolous.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date: January 5, 2026

*Joseph H. McKinley Jr.* (signature)

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010

---

[1] Under the mailbox rule, a prisoner's document is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).